**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>           Plaintiff-Respondent,   )<br>                                                      )<br>vs.                                                 )         Case No. CR-03-189-M<br>                                                      )                      (CIV-07-31-M)<br>CHING TRONG NGUYEN,          )<br>                                                      )<br>           Defendant-Movant.         ) | |

## **ORDER**

Defendant-Movant Ching Trong Nguyen ("Nguyen"), a federal prisoner, filed his Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a memorandum in support of his § 2255 motion on January 8, 2007. On January 31, 2007, the government filed its response, and on February 22, 2007, Nguyen filed his reply. Further, the Court included in its review a supplement to the § 2255 motion, filed on June 15, 2007. The Court held a hearing concerning the instant motion on September 29, 2008. Based upon the parties' submissions, and evidence presented at the hearing, the Court now makes its determination.

I.     Introduction

Nguyen was indicted on three counts of distributing pseudoephedrine with reasonable cause to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). The indictment arose from a 2003 Oklahoma City police sting in which Nguyen sold thousands of pseudoephedrine pills to an undercover officer in three different transactions occurring on July 31, August 12 and August 26, 2003. A jury trial commenced on January 29, 2004. On February 2, 2004, the jury sent a note to the Court indicating there were unable to reach a verdict. When the jury returned to open Court after further deliberations, the foreman informed the Court that the jury could reach a verdict on the first two transactions but not the third transaction. The

parties agreed to accept a partial verdict. The jury convicted Nguyen on two counts concerning the first two transactions, and the Court sentenced Nguyen to 151 months in prison, the bottom of the United States Sentencing Guidelines recommended range.

Nguyen filed a direct appeal, and the Tenth Circuit affirmed Nguyen's conviction and sentence. Nguyen appealed his case to the United States Supreme Court on November 22, 2005. His Writ of Certiorari was denied on January 7, 2006. Nguyen now moves for relief pursuant to 28 U.S.C. § 2255.

After the Court reviewed the motion, the response and the reply, the Court concluded that an evidentiary hearing was necessary to resolve the first and sixth claims of ineffective assistance of counsel. The Court conducted said hearing on September 29, 2008. Nguyen presented three witnesses, Betty Bryant (procurement administrator), Marlene Mai Ly Do (interpreter) and Nguyen himself.

II.   Discussion

In his § 2255 motion, Nguyen advances eleven specific grounds for relief, all of which come under the heading of ineffective assistance of counsel, as follows:

> 1. Counsel was ineffective...[as] the interpreter's failure to fully, completely, and accurately translate every question and answer made the trial fundamentally unfair, because counsel hired, to save money, an uncertified interpreter when a certified interpreter was available.
>
> 2. Counsel was ineffective because he failed to stress [the] Government's sentencing manipulations to acquire a larger sentence.
>
> 3. Counsel was ineffective because Counsel failed to stress... Nguyen's diminished capacity.
>
> 4. Counsel set forth no theory of defense for the jury by instruction and [the omission] was ineffective.

2

> 5. Counsel was ineffective because he failed to object at closing to prosecutor's attack on Nguyen as being a liar and stress[ed] irrelevant facts or issues.
>
> 6. Counsel was ineffective when...[the] interpreter... [failed to] relay to Nguyen what the court asked, and instructed him to have Nguyen say "no" which waived his right to testify, involuntarily and unknowingly.
>
> 7. Counsel was ineffective because he failed to perform an investigation.
>
> 8. The Tenth's Circuit's holding in *USA v. Nguyen* was clearly erroneous and to continue would work a manifest injustice, because of ineffective assistance of trial counsel.
>
> 9. Counsel's disparagement of his own client made counsel ineffective.
>
> 10. Counsel was ineffective because of his failure to interview and call witnesses important to the case.
>
> 11. Trial counsel was ineffective and his cumulative errors cannot be deemed harmless.

*See* Motion, docket no. 65, at 7.

"The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on having produced a just result." *United States v. Nguyen*, 413 F.3d 1170, 1181 (10th Cir. 2005) (citing *Strickland v. Wash.*, 466 U.S. 668 (1984)). Under *Strickland*, a defendant must show:

> a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Where it is shown that a particular decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes virtually unchallengeable. The defendant, in short, must show both that his counsel's conduct was deficient and that the attorney's sub-par conduct prejudiced his defense.

3

*Strickland*, 466 U.S. at 694 (internal citation and quotation omitted). "To make this showing, [defendant-movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998). A court is not required to address both components of the test if defendant-movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Nguyen bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id*. at 690. Conclusory allegations of ineffective representation are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

A.   Language Issues

Grounds I, III, IV and VI of Nguyen's § 2255 motion are all variations of his claim that the trial was unfair because of his limited ability to use the English language. Nguyen asserts in ground I that his counsel was ineffective because of the interpreter's failure to fully, completely and accurately translate every question and answer. Nguyen also states that his defense counsel hired an uncertified interpreter when a certified interpreter was available. Nguyen contends, therefore, that the trial was fundamentally unfair.

At the hearing, the Court heard evidence which demonstrated that Nguyen retained his own attorney for trial, and that his trial counsel hired the interpreter now at issue in this case. Furthermore, Nguyen admitted to running a convenience store where he spoke some English and to speaking with the undercover police officer only in English during the sting.

In federal criminal prosecutions, issues as to the adequacy of interpretation services are evaluated pursuant to the Court Interpreters Act, 28 U.S.C. § 1827. Under § 1827(d), a court is required to appoint an interpreter if the court determines that the defendant "speaks only or primarily a language other than the English language ... so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony." 28 U.S.C. § 1827(d). If an interpreter is required, the interpreter shall be "the most available certified interpreter" or, when no certified interpreter is reasonably available, the interpreter shall be "an otherwise competent interpreter." *Id.* An interpreter is certified within the meaning of § 1827 if she has been certified by the Director of the United States Courts. 28 U.S.C. § 1827(b)(1). Where it is asserted that the interpretation services were inadequate, the issue which must be resolved is whether the inadequacy of the interpreter "made the trial fundamentally unfair." *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980).[1]

Where a criminal defendant cannot understand English at all, complete and continuous interpretation is especially important. *Negron v. State of New York*, 434 F.2d 386 (2d Cir. 1970). Claims that trial interpretation was constitutionally inadequate under the Fifth and Sixth Amendments "are subject to a similar standard." *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989) (observing that as a constitutional matter the appointment of interpreters is within the district court's discretion). The court "must balance the defendant's rights to confrontation and effective assistance against the public's interest in the economical administration of criminal law."

---

[1]The Tenth Circuit has not established a clear standard to be applied in determining whether habeas relief should be granted as a result of allegedly deficient interpretation services. Therefore, the Court turns to decisions from other circuits for guidance.

*Id*. There is no constitutional right to flawless, word for word interpretation - the issue remains whether the asserted inadequacies in the interpreter's services rendered the trial fundamentally unfair. *United States v. Gomez*, 908 F.2d 809, 811 (11th Cir. 1990).

Having reviewed the parties' submissions, and heard the evidence presented at the hearing, the Court finds that Nguyen has not demonstrated that defense counsel's conduct was unreasonable and that any subpar conduct prejudiced his outcome. In particular, the Court finds that Nguyen sufficiently understands English such that word for word interpretation was unnecessary. This is evidenced by Nguyen's years of residency in the United States where he learned some English; the operation of the convenience store he ran, where he admitted use of some English; and the audiotapes where he utilized English during the sting operation which resulted in his imprisonment. Additionally, Nguyen admitted that he did not, at any time, before, during or after trial ask the Court to appoint an interpreter for him. On one, if not multiple occasions, the Court asked Nguyen if he understood what was being stated, and he answered "yes." "Only if the defendant makes any difficulty known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse." *Valladeres*, 871 F.2d at 1566. The Court finds, therefore, that Nguyen has failed to demonstrate that there is a reasonable probability that, but for the lack of contemporaneous translation and an uncertified interpreter, the outcome of the trial would have been different. The Court also concludes that trial was not fundamentally unfair.

Nguyen asserts in ground III that his trial counsel was ineffective because counsel failed to stress his diminished capacity. Nguyen contends that due to his limited ability to use English, he lacked the capacity to understand all the terms, mailings and issues brought against him, and because

of diminished capacity, he lacked the mens rea required for the offense. However, Nguyen's assertion is unavailing under the facts of this case. It is textbook law that a defendant's diminished capacity results from a mental condition that impairs the ability to process the required level of culpability to commit the crime. 23A C.J.S. *Criminal Law* §1795. In this case, it is undisputed that the undercover investigators were able to effectively communicate with Nguyen in English. As Nguyen has not submitted any other evidence concerning his lack of the ability to form the intent to commit the crime, the argument of ineffective assistance of counsel based upon diminished capacity is foreclosed. The Court finds, therefore, that Nguyen's trial counsel is not ineffective for failing to pursue such a theory.

Nguyen asserts in ground IV that his trial counsel was ineffective because of the failure to set forth a theory of defense for the jury by instruction. Specifically, Nguyen contends that his trial counsel should have submitted jury instructions on the following topics based upon his language limitations: diminished capacity, the authorization-reliance doctrine, and "mistake of fact/law, because of Nguyen's foreign nature." Memorandum in Support of §2255 Motion, at 40. However, the underlying flaw with regards to Nguyen's assertion is the lack of evidence to demonstrate that he did not sufficiently understand or communicate in English. As noted, Nguyen was able to effectively communicate with the undercover officer in English. Therefore, the Court finds there was no basis to give these three jury instructions.

Nguyen asserts in ground VI that he did not voluntarily waive his right to testify because of the language barrier. Nguyen testified at the evidentiary hearing as follows:

> Q. When you came to Oklahoma you operated or ran a convenient store here in Oklahoma, didn't you?
> A. Yes.
> Q. When you ran your convenient store, you spoke English with

A.     some of your customers, didn't you?
A.     Yes, I can speak a little.
Q.     You were charged in this case in 2003, do you remember that?
A.     Yes.
Q.     By the time you were charged you had lived in the United States for six years and spoke English to run your business, isn't that correct?
A.     Yes, I talked a bit.
Q.     You also know, as a result of your trial, that an undercover police officer purchased pseudoephedrine from you, don't you?
A.     Yes.
Q.     That undercover police officer spoke to you only in English; isn't that correct?
A.     Yes.
Q.     Do you remember that at your trial there were audiotapes that were played for the jury that had you speaking in English with the undercover officer, do you remember that?
A.     Yes, I do remember I say something in there.
Q.     Do you also remember that investigators with the Drug Enforcement Administration came to your store in Oklahoma City to talk to you about the sale of pseudoephedrine, do you remember?
A.     One time.
Q.     Do you remember that the investigators asked you if you read and understood English, do you remember that?
A.     I just remember that he wanted me to sign.
Q.     You spoke to these investigators in English, didn't you?
A.     Very little.
Q.     Now, at your trial you have told us that you said you wanted to testify at your trial; is that correct?
A.     Yes.
Q.     Let me ask you, at your trial were you asked this question by the Judge and did you give the following answer:

> 'Question: You may either testify on your own behalf, in which event you would subject yourself to cross-examination, or you may decline to testify.'
>
> Then the Judge asked you, 'Do you understand what I've stated?"
>
> You answered: 'Yes.'

|   |   |   |
|---|---|---|
|   |   | Were you asked that question, did you give that answer? |
|   | A. | I did not understand fully the question but at that time Mr. Cuong Nguyen, he told me to say whatever he say and I just followed him. |
|   | Q. | Mr. Nguyen, you have stated that you wanted to testify in your trial; isn't that correct? |
|   | A. | Yes. |
|   | Q. | Did you ever tell the Judge at your trial that you wanted to testify? |
|   | A. | No, I told my attorney. |
|   | Q. | Did you ever tell the Judge that you did not understand your right to testify? |
|   | A. | No, because I did not understand -- |
|   | Q. | Did you ever tell the Judge that you did not understand? |
|   | A. | No. |

Transcript of September 29, 2008 Hearing, at 20-23.

Having reviewed the parties' submissions, and having reviewed the evidence presented at the hearing, the Court finds Nguyen's trial counsel's performance was not deficient on the proffered basis. It appears from the record that Nguyen communicates in English on some level, and that he engaged in a colloquy with the trial judge concerning the waiver of his right to testify. Under these circumstances, it is objectively reasonable to assume that Nguyen and his trial counsel made a adequately informed strategic choice concerning Nguyen's decision not to testify. For these reasons, the Court finds that Nguyen's trial counsel was not ineffective for any deficiencies concerning Nguyen's waiver of his right to testify. As Nguyen cannot show that his counsel's conduct was deficient, the Court finds that the trial was not fundamentally unfair on this basis.

Accordingly, the Court denies Nguyen's § 2255 motion as to Grounds I, III, IV and VI.

B.     Trial counsel's failure to object

Grounds II and V of Nguyen's § 2255 motion are variations of his claim that his trial counsel failed to object to certain proceedings during the trial and sentencing. Nguyen asserts in ground II

that his trial counsel was ineffective for failing to object to sentencing manipulations by the government. Specifically, Nguyen contends that the sentencing guidelines, by their very nature, afford the opportunity for sentencing factor manipulation, particularly where a sting operation is involved. In effect, Nguyen's argument is that this is a situation in which exploitative manipulation of the sentencing guideline factors by government agents overbear the will of a person predisposed only to committing a lesser crime. Nguyen argues that the danger was especially great in his case because his sentence was based upon the quantity of drugs involved.

On appeal, Nguyen argued that the Court erred in determining drug quantities at sentencing. The Tenth Circuit, in rejecting the appeal, stated "Nguyen has not shown a reasonable probability that the factual determination of drug quantities might have been different if referred to a jury applying a reasonable doubt standard. A review of the record shows that the quantities at issue in the case were not seriously in doubt." *United States v. Nguyen*, 413 F.3d 1170, 1183 (10th Cir. 2005). Having reviewed the parties' submissions, the Court finds that Nguyen has failed to demonstrate a sufficient basis for concluding his counsel was ineffective for not objecting to quantities which were not seriously in doubt.

Nguyen asserts in ground V that his trial counsel was ineffective for failing to object during closing arguments to the government's attacks on Nguyen, and to the government's stressing irrelevant facts or issues. Specifically, Nguyen contends the government wrongfully stressed large quantities of drugs were tied to him and also called him a liar. However, the Tenth Circuit aptly noted that "the undisputed evidence showed... Nguyen falsely denied buying large amounts of the drug... he also denied selling more than two bottles of the drug per customer when he had already sold over 5000 pills (50 bottles) to Carroll." *Id*. at 1179. The Court finds, therefore, that Nguyen's

trial counsel could hardly be ineffective for failing to object to what is undisputed.

Accordingly, the Court finds that Nguyen's trial counsel was not ineffective for failing to object.

C. Trial preparation and strategy

Nguyen's grounds VII, IX and X all relate to claims that his counsel failed to investigate his case prior to trial and that his trial strategy was ineffective. However, the Supreme Court has observed the following:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-690 (internal citations and quotations omitted).

Having reviewed the parties' submissions, the Court finds that Nguyen's defense counsel was not ineffective with respect to the proffered grounds. Specifically, the Court finds that Nguyen's trial counsel's strategy obviously resulted in some success since the jury was unable to reach a unanimous verdict on Count 3 of the Indictment. Furthermore, Nguyen has made a number of conclusory assertions in support of his arguments. The Court finds that Nguyen's conclusory

assertions are insufficient to support that his trial counsel's performance was ineffective.

Accordingly, the Court finds that Nguyen's trial counsel was not ineffective based upon trial strategy and preparation.

### D.  Remaining grounds

Nguyen asserts in ground VIII that the Tenth Circuit's decision in *United States v. Nguyen*, 413 F.3d 1170 (10th Cir. 2005), was clearly erroneous. The Court, however, is not the proper tribunal to award Nguyen relief based upon this ground. Any appeal as to the Tenth Circuit decision would need to be made to the United States Supreme Court.

Finally, Nguyen asserts in ground XI that his trial counsel was ineffective based upon the cumulative error doctrine. Whereas courts on direct review may not aggregate non-errors, similarly, courts on collateral review may not aggregate allegations concerning the ineffective assistance of counsel. *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005).

Accordingly, the Court finds that Nguyen cannot be afforded any relief based upon these proffered grounds.

### III.  Conclusion

The Court, for the foregoing reasons, DENIES Nguyen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 31st day of March, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE